Law Library

FILED
SUPERIOR COURT
GUAM

MAR 12 PM 2: 30

CLERK OF COURT

**IN THE SUPERIOR COURT**
**OF GUAM**

| | |
|---|---|
| DANICA B. BALABAGNO,      ) | CIVIL CASE No. PO 0111-12 |
|            Petitioner.    ) | |
|          v.               ) | **DECISION AND ORDER** |
|                      ) | On Petition for Order of Protection from Abuse |
| MARIANITO C. BAUTISTA, JR.,    ) | |
|           Defendant.    ) | |

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 13, 2012 on Petitioner's Motion for Order of Protection from Abuse. The Petitioner was represented by Attorney Alisha Molyneux. The Defendant was represented by Attorney Mike Phillips. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Petitioner an Order of Protection from Abuse.

### FACTUAL HISTORY

This matter arises out of the Respondent's challenge to the Petitioner's request for an Order of Protection from Abuse. The Respondent, Mr. Marianito Bautista, is the former stepfather of Petitioner Balabagno. In *People v. Bautista*, CF 0146-05, Bautista was indicted on charges of *First Degree Criminal Sexual Conduct*, *Third Degree Criminal Sexual Conduct*, and *Official Misconduct* based upon allegations that he had physically and sexually abused his stepdaughter over a five year period. On October 19, 2010, Bautista entered into a plea agreement in CF 0146-05 and pled guilty to felony *Aggravated Assault*.

Upon learning of Bautista's release from prison, the Petitioner filed an Order for Protection from Abuse. At the Order to Show Cause hearing held on December 13, 2012, Bautista challenged the grounds for granting the protective order arguing that the current conditions of his parole already require him to stay away from the victim negating any need for an Order for Protection from Abuse. Having reviewed Guam statutory law governing protective orders, the Court finds that the Petitioner has met the burden of proof and established sufficient grounds for granting the order.

## DISCUSSION

As with all fifty states, Guam law enables victims of *Family Violence* and related crimes to seek civil legal protection from their abusers in the form of a protective order. Guam protective orders are granted pursuant to 19 GCA §§14101-14106, *Civil Orders for Protection,* and 7 GCA §§40101-40109, *Protection from Abuse.* Any person may seek an Order of Protection from Abuse for "himself or herself or on behalf of another person if he has personal knowledge that such person has been abused." 7 GCA §40103. An Order of Protection from Abuse will be granted where: (1) the plaintiff can "prove the allegation of abuse by a preponderance of the evidence," and (2) the court finds that the order is "necessary to protect the plaintiff or minor child from abuse upon good cause shown." 7 GCA §40104.

Respondent Bautista's conviction for felony *Aggravated Assault* on the Petitioner proves the allegation of abuse by a preponderance of the evidence. It is undisputed by the parties that the Respondent committed acts of violence against the Petitioner while she was a minor child under his care and supervision. Instead, Respondent Bautista challenges the petition for Order of Protection of Abuse on separate grounds by arguing that: (1) a protective order is not "necessary

to protect the plaintiff," and, (2) that the Petitioner does not have "good cause" for a protective order because she cannot establish an "immediate and present danger of abuse." *Id.*

The fact that the Respondent is already on parole is not grounds for the Court to deny the Petitioner a protective order. Respondent Bautista argues that there is no need for a protective order because the conditions of his parole sufficiently prohibit him from interacting with the Petitioner. The Respondent's parole status does not, however, make the Petitioner ineligible to receive a protective order. If the protective order duplicates some of the conditions of his parole, it does so at no detriment to the Respondent. Conversely, the protective order provides the Petitioner, the victim of a violent crime, with additional legal protection and additional recourse should the Respondent elect to violate either the conditions of his parole or the protective order.

The Petitioner has established good cause for granting the Order of Protection from Abuse. Guam law requires that the order be "necessary to protect the plaintiff [ ] from abuse upon good cause shown," where good cause is defined as an "immediate and present danger of abuse." 7 GCA §40104. Respondent Bautista argues that the Petitioner cannot provide evidence of an "immediate and present danger of abuse" because the abuse occurred in the past. However, Guam statutory law makes explicit that a petition for an Order of Protection from Abuse cannot be denied based solely upon the grounds that too much time has elapsed since the abuse occurred. The relevant law, titled **Denial of Relief Prohibited**, states: "The Court shall not deny a petitioner injunctive relief for protection from family violence solely because of a lapse of time between an act of family violence and the filing of the petition." 19 GCA §14103.

The Petitioner has established sufficient grounds for granting a protective order. Because she currently fears for her safety, she filed for an Order of Protection from Abuse upon learning of Respondent Bautista's release from prison. The Respondent was convicted of *Aggravated*

*Assault* upon the Petitioner, proving that he physically abused the Petitioner by a preponderance of the evidence. The Petitioner did not need a protective order while Bautista was incarcerated, but is now seeking legal protection because she remains "afraid of seeing Respondent and him contacting or doing something to me." *Declaration of Petitioner in Support of Order to Show Cause Re: Temporary Order of Protection.* The Respondent's parole status does not constitute good cause for denying the Petitioner a protective order. Similarly, the Court is statutorily prohibited from denying the petition on the sole basis that the abuse occurred in the past.

## CONCLUSION

Based on the foregoing, the Court finds that the Petitioner has met the statutory requirements for granting a protective order. Accordingly, the Court GRANTS the Petitioner's Motion for Order of Protection from Abuse. Said Order of Protection shall be for a period of three years. Counsel for the Petitioner shall prepare and submit the Order.

SO ORDERED, this 12 day of April 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

APR 1 2 2013

Benny O. Cruz
Deputy Clerk, Superior Court of Guam

